IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. ROUW, PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, BEN C. EKWALLA, SOCIUS CARE LLC, and SOCIUS SUPPLY LLC,<br><br>Defendants. | **8:22-CV-287**<br><br>**MEMORANDUM AND ORDER ON MOTION TO DISMISS AND MOTION TO EXTEND DEADLINE** |

## I.    INTRODUCTION

Frankenmuth Mutual Insurance Company (Frankenmuth) has sued Michael L. Rouw, Property and Casualty Insurance Company of Hartford (Hartford), Ben C. Ekwalla, Socius Care LLC, and Socius Supply LLC. Frankenmuth requests that the Court enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) on the rights and obligations of each party to an insurance policy issued by Frankenmuth to Socius Care. Filing 1 at 1. Ekwalla, Socius Care, and Socius Supply have filed a Motion to Dismiss arguing that Frankenmuth's lawsuit is "premature and not ripe."[1] Filing 25 at 1. These defendants have also filed a Motion to Extend Deadline because they filed the present Motion to Dismiss one day late. Filing 28. For the reasons stated herein, the Court grants the Motion to Extend Deadline and denies the Motion to Dismiss.

---

[1] The moving parties characterize their motion as one under Federal Rule 12(b)(6). Filing 1 at 1. However, ripeness is a jurisdictional issue. *See United States v. Gates*, 915 F.3d 561, 563–64 (8th Cir. 2019) (holding that the court lacked jurisdiction over a claim because it was not ripe); *Missouri Soybean Ass'n v. U.S. E.P.A.*, 289 F.3d 509, 513 (8th Cir. 2002) (same). Rule 12(b)(1) governs motions for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

## II.   BACKGROUND

Frankenmuth, an insurance company in Michigan, issued a policy to Socius Care LLC, a Georgia Corporation, on August 1, 2019. Filing 1 at 1–3. In general, the policy provides property, general liability, and umbrella coverage to Socius Care LLC. Filing 1-1 at 5. According to Frankenmuth, the policy excludes coverage for claims arising out of the use of land motor vehicles, trailers, or semitrailers. Filing 1 at 6–8.

The current action in this case is related to a state-court lawsuit in Douglas County, Nebraska. The plaintiffs in the state-court lawsuit are Hartford, an Indiana insurance company incorporated in Connecticut, and Rouw, a principal officer of Heartland Document Services (Heartland), which does business as eSupplyStore.com. Filing 1 at 2–4. Frankenmuth alleges that Socius Supply[2] purchased the eSupplyStore.com business from Heartland. Filing 1 at 5. Frankenmuth also claims that Rouw receives workers compensation benefits resulting from an accident that led to the state-court lawsuit pursuant to a policy issued by Hartford. Filing 1 at 3.

According to the complaint in the state-court lawsuit, on November 1, 2019, Rouw was loading cargo onto a semi-tractor and box trailer owned by On Time Transport LLC (On Time) and driven by Terry White, an employee of On Time. Filing 1-2 at 2. Ekwalla, an organizing member of Socius Supply and Socius Care, incorrectly signaled to White that he could pull away while Rouw was securing the cargo. Filing 1 at 4. As a result, Rouw fell and suffered injuries. Filing 1-2 at 3. Based on these facts, Rouw and Hartford sued White, On Time, Ekwalla, Socius Care, and Socius Supply in state court in Douglas County, Nebraska on February 14, 2022. Filing 1 at 4. The state-court complaint asserts that On Time is vicariously liable for White's negligence

---

[2] Frankenmuth highlights in its complaint that Socius Care was not a party to the agreement governing the purchase of eSupplyStore.com. Filing 1 at 5.

and that Socius Supply and Socius Care are vicariously liable for Ekwalla's negligence. Filing 1 at 4.

Frankenmuth filed its Complaint on August 10, 2022. In its Complaint, Frankenmuth claims that the policy it issued to Socius Care does not cover Rouw's injury because the policy excludes coverage for injuries arising from the use of a land motor vehicle, trailer, or semitrailer. Filing 1 at 5–7. Frankenmuth's Complaint further claims that the policy does not cover the accident because Ekwalla was not conducting business for Socius Care, the policyholder, when the accident occurred. Filing 1 at 8–9. Frankenmuth requests that this Court enter declaratory judgment stating the following: (1) that there is no coverage or duty to defend under the Frankenmuth insurance policy in connection with the November 1, 2019, accident, and that it is not obligated to expend any sums on behalf of Socius Care, Socius Supply, or Ben Ekwalla for the accident; and (2) that Frankenmuth has no obligation to reimburse Hartford for benefits paid to Rouw in connection with the November 1, 2019, accident. Filing 1 at 9. Defendants Ekwalla, Socius Care, and Socius Supply filed the pending Motion to Dismiss on September 29, 2022.

### III.   ANALYSIS

#### A.  Motion to Extend Deadline

Defendants Ekwalla, Socius Care, and Socius Supply filed their Motion to Dismiss one day after the deadline for filing such motions. In their Motion to Extend Deadline, they ask that the Court extend the deadline for filing their Motion to Dismiss so that it is timely. Filing 28 at 1. Defendants represent that they miscalculated the deadline for filing a motion to dismiss by one day and calendared the incorrect date. Filing 29 at 1.

When a deadline for filing a motion has passed, Federal Rule of Civil Procedure 6(b)(1)(B) allows a party to request that the district court "for good cause, extend time . . . if the party failed

3

to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Beginning with whether there is good cause, the Court observes that "'[t]he primary measure of good cause is the movant's diligence' in attempting to meet deadlines." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Here, the fact that Defendants filed their Motion to Dismiss only one day after the deadline based on a minor deadline miscalculation establishes that they were diligently attempting to meet the applicable deadline. *See Beckett v. Unknown Police Officer*, No. 18-CV-117-KEM, 2021 WL 3375623, at *2 (N.D. Iowa Aug. 3, 2021) (finding good cause and excusable neglect when the plaintiff had prepared a response to the defendant's statement of facts in support of a summary judgment motion before the deadline, the response was inadvertently not filed, and the response was filed one week late after the plaintiff realized it had not been filed).

Having found good cause, the Court next determines if Defendants acted with excusable neglect. "Whether a party's neglect of a deadline is excusable 'is at bottom an equitable' inquiry." *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 854 (8th Cir. 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Id.* at 854–55 (citing *Pioneer*, 507 U.S. at 395).

In this case, the prejudice to Frankenmuth from Defendants' one-day delay is nonexistent. *Marquette Bus. Credit, Inc. v. Gleason*, No. 14-CV-00354-MJD-LIB, 2015 WL 5836323, at *4 (D. Minn. Oct. 6, 2015) (finding that one-day delay in filing a motion for attorney's fees did not cause prejudice). Moreover, the length of Defendants' delay is short and there is no evidence that Defendants did not act in good faith. *See Spirit Lake*, 5 F.4th at 854. Defendants have good cause

and acted with excusable neglect. Therefore, the Court grants Defendants' Motion to Extend Deadline.

### B.  Motion to Dismiss

In their Motion to Dismiss, defendants Ekwalla, Socius Care, and Socius Supply argue that Frankenmuth's lawsuit is "premature and not ripe" because the state-court lawsuit has not yet resolved factual issues relevant to whether Frankenmuth's insurance policy covers the injuries suffered by Rouw. Filing 26 at 2. Defendants cite the Nebraska Supreme Court case *U.S. Specialty Ins. Co. v. D S Avionics Unlimited LLC*, which held that a court should not entertain a declaratory judgment action if "there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action." 918 N.W.2d 589, 594 (Neb. 2018). In response, Frankenmuth states that Nebraska law does not apply in this case because the insurance policy is governed by Georgia law. Filing 27 at 6–8. Frankenmuth further argues that, even if Nebraska law applies, Defendants' argument fails because Frankenmuth is not a party to the state-court lawsuit and the issues in the state-court lawsuit are unrelated to Frankenmuth's declaratory judgment action. Filing 27 at 8–9. Finally, Frankenmuth emphasizes that Eighth Circuit Court of Appeals caselaw holds that an insurer may file a declaratory judgment suit regarding insurance coverage even when an underlying action against an insured has not been resolved. Filing 27 at 9–10.

Defendants' reliance on *U.S. Specialty Insurance* is misguided. That case is a Nebraska Supreme Court case regarding the Nebraska declaratory judgment statute. *See U.S. Specialty Ins.*, 918 N.W.2d at 596 & n.14 (citing Neb. Rev. Stat. § 25-21,159). By contrast, this is a case in federal court involving the federal Declaratory Judgment Act. Any arguments aimed at ripeness, a

jurisdictional question, are governed by federal law, not Nebraska law.[3] *See Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (applying federal law to the issue of whether there was an actual controversy under the Declaratory Judgment Act); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986) ("It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions, apply in diversity cases. While state law must determine the substantive rights and duties of the parties to the insurance contract, the question of justiciability is a federal issue to be determined only by federal law."); *cf. Miller v. Augusta Mut. Ins. Co.*, 157 F. App'x 632, 636–37 (4th Cir. 2005) (holding that federal law, not Virginia law, dictated whether the plaintiff had standing to pursue relief under the Declaratory Judgment Act).

As Frankenmuth correctly points out, the Eighth Circuit Court of Appeals has held that "[i]n the insurance policy coverage context, a declaratory judgment action is ripe irrespective of whether the underlying litigation is ongoing or resolved." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 934 (8th Cir. 2010). "An insurer who is not a party to the parallel proceeding 'is entitled to have the extent of the coverage of its policy declared' . . . ." *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 519 F.3d 466, 471 (8th Cir. 2008) (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 559 (6th Cir. 2008)). Defendants' argument that facts need to be determined in the underlying state-court action before Frankenmuth's lawsuit is ripe is without merit. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (characterizing the

---

[3] Some cases in the District of Nevada have looked to state substantive law to determine whether a claim under the Declaratory Judgment Act is ripe. *See Cincinnati Specialty Underwriters Ins. Co. v. Red Rock Hounds*, 511 F. Supp. 3d 1105, 1116–17 (D. Nev. 2021). Those cases, however, rely on a Ninth Circuit opinion that held that while federal law determines whether a justiciable controversy exists under the Declaratory Judgment Act, if substantive state law is relevant to this analysis, it applies. *See St. Paul Fire and Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979). The Eighth Circuit has never issued such a rule, so the Court looks solely to federal law.

insured's argument that a lawsuit was not ripe because the underlying suit was not yet resolved as lacking merit).

## IV.    CONCLUSION

Upon the foregoing,

IT IS ORDERED:

1.  Frankenmuth's Motion to Extend Deadline, Filing 28, is granted; and

2.  The Motion to Dismiss filed by Defendants Ekwalla, Socius Care, and Socius Supply, Filing 25, is denied.

Dated this 16th day of December, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge